JUSTICE GRAY
specially concurring.
I concur in the analysis and result reached by the Court on the single legal issue presented; namely, that the District Court erred in dismissing the petition for postconviction relief on the basis that that remedy is unavailable in the district court to persons adjudged guilty of an offense in a nonrecord court.
I write separately to clarify the intent of the final sentence in the opinion, which “remand[s] defendant’s petition for post-conviction relief for a hearing on the merits.” My concern is that the words “hearing on the merits” could be read to limit the remand and preclude the State from raising at that time the issue of whether Christensen meets the additional prerequisite to postconviction relief under § 46-21-101, MCA, of “no adequate remedy of appeal.”
It is clear that the “no adequate remedy of appeal” portion of the statute was not the basis for the District Court’s action in dismissing the petition and is not an issue before us on appeal. That procedural *378 fact should not be interpreted as an undermining of that portion of the statute. Nor should anything in this concurring opinion be construed to suggest that the State raise the issue on remand or to express any opinion that such a position, if taken by the State, would have merit.